NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JESSE Z. FIGUEROA | : | |
| Plaintiff, | : | Civil Action No. 14-4977 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Jesse Z. Figueroa ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 25, 2008. A hearing was held before ALJ Norman R. Zamboni (the "ALJ") on July 10, 2012, and the ALJ issued an unfavorable decision on November 8, 2012, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of November 8, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain environmental limitations.  At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work as a factory worker or house cleaner.  At step five, the ALJ consulted the "Grids" and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

      Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on three grounds: 1) the ALJ overlooked the fact that the medical evidence of disability was uncontroverted; 2) the ALJ erred at step five by failing to consult a vocational expert; and 3) the ALJ failed to properly consider Plaintiff's testimony about her pain and symptoms.

      Plaintiff's first argument, that the medical evidence of disability was uncontroverted, is not supported by the record.  As the ALJ explained, his conclusions about Plaintiff's residual functional capacity at step four were supported by the reports of two state agency medical consultants.  The report dated March 17, 2011 from state agency consultant Dr. Briski states exertional limitations consistent with the capacity for sedentary work, as well as environmental limitations. (Tr. 436-443.)  The report dated July 20, 2011 from state agency consultant Dr. Yeager affirms Dr. Briski's conclusions. (Tr. 459.)  Plaintiff has overlooked that these reports are medical evidence which supports the ALJ's residual functional capacity determination.

      The record thus does not support Plaintiff's claim that the medical evidence of disability

was uncontroverted.  The record supports, at most, an argument that the ALJ's decision is against the weight of the medical evidence.  Such an argument cannot succeed on appeal, however, as it does not come to grips with the standard of review that applies to Social Security appeals.  This Court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom.; Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

Because the reviewing Court is not empowered to weigh the evidence, this Court can only consider the question of whether the reports of the state agency medical consultants

constitute substantial evidence.  The issue on appeal is not whether the claimant presented substantial evidence of disability, but whether the ALJ's decision is supported by substantial evidence.  Only if the ALJ's decision is not supported by substantial evidence does this Court have the authority to reverse it.

As the Commissioner contends, the ALJ's decision is supported by two reports from medical experts, both of which state that Plaintiff retains the residual functional capacity sufficient to perform sedentary work.  The ALJ carefully explained why he gave the other medical evidence lesser weight.  This Court finds that the ALJ's step four determination is supported by substantial evidence.

Plaintiff contends that the ALJ erred at step five by failing to consult a vocational expert.  It is well-established that, at step five, in the absence of nonexertional limitations, the ALJ may rely on the Grids to provide a factual basis for the conclusion that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity.  Sykes v. Apfel, 228 F.3d 259, 261 (3d Cir. 2000).  For Plaintiff to prevail in arguing that the ALJ was required to consult a vocational expert because of Plaintiff's nonexertional limitations, she must first establish the predicate, that Plaintiff has nonexertional limitations which were omitted from the residual functional capacity determination at step four.  Plaintiff has not established this.  The medical evidence on which the ALJ relied does not report any nonexertional limitations beyond the environmental limitations which do not erode the sedentary occupational base, pursuant to SSR 96-9p.  The ALJ did not err by relying on the Grids at step five.

Lastly, Plaintiff argues that the ALJ erred by failing to give sufficient weight to

Plaintiff's testimony about her pain and other symptoms. As Plaintiff states, Third Circuit law holds that a claimant's subjective complaints of pain "may not be disregarded unless there exists contrary medical evidence." Mason v. Shalala, 994 F.2d 1058, 1067-1068 (3d Cir. 1993). As already established, the record does contain contrary medical evidence. The ALJ did not err in his weighting of Plaintiff's subjective complaints.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

     s/ Stanley R. Chesler
    STANLEY R. CHESLER, U.S.D.J.

Dated: November 30, 2015